IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY L. ADKINS,

            **Plaintiff,**

v.                                                                                                                  CASE NO. 24-3120-JWL

STATE OF KANSAS, ET AL.,

            **Defendants.**

**MEMORANDUM AND ORDER**

On July 12, 2024, Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility in El Dorado, Kansas, filed with this Court a document titled "Motion for Permission to Bring Civil Rights Complaint, pursuant to 42 U.S.C. 1983, against the State of Kansas, and Its Medical Health Care Provider, Centurion Managed Care." (Doc. 1.) On July 15, 2024, the Court issued a memorandum and order (M&O) explaining that Plaintiff is required to file his complaint on court-approved forms. (Doc. 2.) The M&O also noted that Plaintiff has neither paid the $405.00 filing fees for a civil action nor submitted a motion to proceed without prepayment of fees, and it advised that this case will not proceed until Plaintiff either pays the fees or submits the motion to proceed without doing so. The Court directed the clerk to provide Plaintiff with the form for a motion to proceed without prepayment of fees and the form complaint. Plaintiff was granted to and including August 15, 2024 in which to file a complaint on the court-approved form and either pay the fees or submit the motion to proceed without prepayment of fees and the required documentation. *Id.*

Plaintiff filed his complaint, on the court-approved form, on July 23, 2024. (Doc. 3.) On August 7, 2024, he sought and obtained a motion for extension of time in which to either pay the

1

filing fees or move to proceed without prepayment of those fees. (Docs. 5 and 6.) The new deadline to do so is September 16, 2024. (Doc. 6.) On August 22, 2024, Plaintiff submitted a motion to amend his complaint to include an additional defendant. (Doc. 7.)

Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff is entitled to amend his pleading, or complaint,

> once as a matter of course no later than
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Because the complaint has not yet been served and Plaintiff has not yet amended the complaint by his own choice, he does not need the Court's leave to file an amended complaint. Thus, the Court will deny the pending motion to amend as moot and direct the clerk to provide to Plaintiff the form on which Plaintiff may file an amended complaint if he chooses to do so.

That being said, if Plaintiff wishes to add a defendant to this matter, he must submit a complete and proper amended complaint on the required, court-approved form; the type of supplementary information included in his motion to amend is not sufficient. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead the amended complaint completely replaces the original complaint. Therefore, any claims or factual allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to the original complaint. The amended complaint must contain all allegations and claims that Plaintiff intends

to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3120-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. He must allege sufficient specific facts to show a plausible claim that each defendant personally participated in a constitutional violation.

Plaintiff is reminded that even if he files an amended complaint, this case will not proceed unless he either pays the filing fees in full or submits a motion to proceed without prepayment of fees and the required documentation on or before September 16, 2024. If Plaintiff fails to do so, this action will be dismissed without prejudice and without further prior notice to Plaintiff for failure to comply with a court order.

**IT IS THEREFORE ORDERED** that the motion to amend complaint (Doc. 7) is **denied as moot** because Plaintiff does not need the Court's permission to file an amended complaint. The clerk is directed to provide Plaintiff the court-approved form on which he may file an amended complaint if he chooses to do so.

**IT IS SO ORDERED.**

DATED:  This 3rd day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3