IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY L. ADKINS,

                Plaintiff,

v.                                              CASE NO. 24-3120-JWL

STATE OF KANSAS, ET AL.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility in El Dorado, Kansas. It comes now before the Court on Plaintiff's amended complaint (Doc. 9), filed on September 12, 2024. Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual

1

allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

The amended complaint names multiple Defendants but does not provide any specific facts in support of Plaintiff's claims. Instead, Plaintiff refers the reader to a "memorandum in support of civil rights complaint . . . that will be filed at a later time." (Doc. 9, p. 2.) More specifically, although Count I of the amended complaint asserts seven claims of cruel and unusual punishment through deliberate indifference to Plaintiff's serious medical needs, in the space designated for the supporting facts, Plaintiff directs the reader to a memorandum in support "that will be filed at a later time." *Id.* at 7. Plaintiff does the same with respect to Count II of the amended complaint, which asserts five claims of "deliberate indifference; negligent [h]iring, [t]raining, and [s]upervision" but provides no specific facts to support those claims. *Id.*

Count III asserts claims of "cruel and unusual punishment; exhibited 'deliberate indifference' to [Plaintiff's] right to be free from a known risk of serious physical harm, and/or,

2

objectively unreasonable conduct that causes or has the potential to cause constitutional harm." *Id.* at 8-9 (capitalization normalized, all other errors in original). In the space for setting out the facts supporting Count III, however, Plaintiff again refers the reader to a memorandum in support "that will be filed at a later time." *Id.* at 8. As relief, Plaintiff seeks $20,000,000.00 in compensatory damages. *Id.* at 10.

The failure to allege any specific facts in the amended complaint leaves this matter subject to dismissal because Plaintiff fails to state a claim on which relief could be granted. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Even liberally construed, the amended complaint contains only conclusory allegations of involvement. Because "the allegations in [the amended] complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *See Twombly*, 550 U.S. at 558.

In addition, the lack of factual allegations in the amended complaint violates Rule 8 of the Federal Rules of Civil Procedure.[1] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

3

allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). The complete lack of alleged facts in the amended complaint leaves the Court unable to determine the basis of Plaintiff's claims and would not give the named Defendants fair notice of the basis of Plaintiff's claims. Accordingly, the amended complaint violates Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, the Court will grant Plaintiff time to file a complete and proper second amended complaint that cures the deficiencies discussed herein.

Plaintiff is advised, however, that the second amended complaint must—when read by itself—satisfy Rule 8 and state a plausible claim for relief. To be clear, Plaintiff may not simply refer in the second amended complaint to a separate memorandum to set out the factual basis of his claims. He must include sufficient information in the second amended complaint to satisfy Rule 8 and state a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff may attach additional pages to the complaint as necessary, but he may not rely on a separate memorandum to provide the necessary facts and allegations.

Plaintiff must use the required court-approved form to file his second amended complaint, which this Court will direct the clerk to provide to Plaintiff. Plaintiff must write the number of this

case (24-3120-JWL) at the top of the first page of the second amended complaint. He must name every defendant in the caption of the second amended complaint and again in the body of the second amended complaint, where he must allege specific facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. The second amended complaint will not be treated as a supplement to the original or amended complaint; it will completely replace all previously filed complaints. Plaintiff may not simply refer in the second amended complaint to an earlier complaint. The second amended complaint must contain all factual allegations and claims that Plaintiff intends to pursue in the action. Any claims or factual allegations not in the second amended complaint will no longer be before the Court.

Finally, the Court also reminds Plaintiff that he must comply with the Federal Rules of Civil Procedure that govern joining claims and defendants in one lawsuit. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words,

under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (rejecting argument that claims were sufficiently related to be joined in one lawsuit because they all alleged constitutional violations related to the overarching allegation of retaliation by prison officials).

In other words, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant in one lawsuit. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants in the same lawsuit unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. Plaintiff should ensure that the second amended complaint complies with Rule 18(a) and 20(a)(2).

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including October 17, 2024, in which to file a second amended complaint that cures the deficiencies discussed in this order. If Plaintiff fails to timely file a complete and proper second amended complaint, this matter will be dismissed without prejudice and without further prior notice to Plaintiff. The clerk is directed to provide Plaintiff the court-approved form for a second amended complaint.

**IT IS SO ORDERED.**

DATED:  This 16th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge