IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY L. ADKINS,

        Plaintiff,

  v.                  CASE NO. 24-3120-JWL

STATE OF KANSAS, ET AL.,

        Defendants.

**MEMORANDUM AND ORDER**

  This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility in El Dorado, Kansas. It comes now before the Court on Plaintiff's "Motion Requesting Extension of Time for Memorandum in Support of Civil Rights Complaint, Pursuant to 42 U.S.C. 1983," filed on September 17, 2024. (Doc. 13.) In the motion, Plaintiff requests an additional 60 days in which to file a memorandum in support of his complaint. *Id.* at 1-3. He asserts that information he needs to support his claims in this matter is being withheld from him by state officials and that he must exhaust administrative remedies related to a claim of medical malpractice. *Id.*

  Currently there is no deadline by which Plaintiff must file a memorandum in support of his complaint, thus there is no need to extend that deadline. At this point in this case, Plaintiff has not filed a complaint that states a plausible claim for relief under 42 U.S.C. § 1983. Most recently, Plaintiff filed an amended complaint that does not provide any specific facts in support of Plaintiff's claims. Instead, Plaintiff refers the reader to a "memorandum in support of civil rights complaint . . . that will be filed at a later time." (Doc. 9, p. 2; *see also* Doc. 12, p. 2.) In an order issued the day before Plaintiff filed his motion for extension of time, the Court explained that this

1

type of reference is insufficient and that Plaintiff must assert sufficient facts to support a claim in the space provided in the form complaint. (Doc. 12, p. 2-5.) The Court granted Plaintiff until and including October 17, 2024, in which to file a complete and proper second amended complaint that includes the required facts. *Id.* at 6. The Court does not require a memorandum in support and, although Plaintiff may file one if he wishes, he must first file a sufficient complaint.

To the extent that the pro se motion now before the Court could be liberally construed to seek an extension of the deadline for filing the second amended complaint, the motion is also denied. As previously explained, in order to state a plausible claim for relief under § 1983 and thus survive this required initial screening, during which the Court takes all well-pleaded allegations in the complaint as true, Plaintiff must "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" (*See* Doc. 12, p. 1 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).) In his motion, Plaintiff does not explain why the information he is waiting to receive is required for him to identify the specific actions taken by specific defendants that he believes violated his rights under the Constitution or federal law. *See id.* at 3. Accordingly, the Court declines to extend the deadline for filing the second amended complaint.

**IT IS THEREFORE ORDERED** that the Motion Requesting Extension of Time for Memorandum in Support of Civil Rights Complaint (Doc. 13) is **denied** for the reasons set forth herein.

**IT IS SO ORDERED.**

DATED:  This 18th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge