IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY L. ADKINS,

                **Plaintiff,**

     v.                                                                  CASE NO. 24-3120-JWL

STATE OF KANSAS, ET AL.,

                **Defendants.**

## MEMORANDUM AND ORDER

      This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility in El Dorado, Kansas. The currently operative complaint is the amended complaint, filed on September 12, 2024. (Doc. 9.) Because Plaintiff is a prisoner, the Court was required by statute to screen the amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

      The Court conducted the required screening and concluded that the amended complaint is subject to dismissal. Thus, on September 16, 2024, the Court issued a memorandum and order (M&O) noting that in the spaces on the required form complaint for stating the specific facts to support each claim, Plaintiff wrote only that such facts would be provided in a memorandum in support that would be filed at a later time. (Doc. 12, p. 2-3.) The M&)explained that the failure to allege specific facts left the amended complaint subject to dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim on which relief can be granted. *Id.* at 3-4. Rather than dismiss the matter, however, the Court granted Plaintiff time to

1

file a complete and proper second amended complaint that alleged sufficient specific facts to support Plaintiff's claims. *Id.* at 4.

The M&O expressly cautioned Plaintiff:

> [T]the second amended complaint must—when read by itself—satisfy Rule 8 and sate a plausible claim for relief. To be clear, Plaintiff may not simply refer in the second amended complaint to a separate memorandum to set out the factual basis of his claims. He must include sufficient information in the second amended complaint to satisfy Rule 8 and state a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff may attach additional pages to the complaint as necessary, but he may not rely on a separate memorandum to provide the necessary facts and allegations.

*Id.* The deadline set by the Court for filing the second amended complaint was October 17, 2024. *Id.* at 6.

Shortly thereafter, Plaintiff filed a motion for a 60-day extension of time to file a memorandum in support of his amended complaint. (Doc. 13.) On September 18, 2024, the Court issued an M&O denying the motion. (Doc. 14.) The M&O explained that there was no deadline set by which Plaintiff needed to file a supporting memorandum, so there was no need to extend any such deadline. *Id.* at 1. Moreover, the M&O emphasized to Plaintiff that "[a]t this point in this case, Plaintiff has not filed a complaint that states a plausible claim for relief under 42 U.S.C. § 1983" and reiterated the previous M&O's holding that Plaintiff must file a complete and proper second amended complaint that includes the required factual assertions *Id.* Specifically, the M&O stated: "The Court does not require a memorandum in support and, although Plaintiff may file one if he wishes, he must first file a sufficient complaint." *Id.* at 2. Finally, the M&O reminded Plaintiff that the deadline for filing a second amended complaint was October 17, 2024. *Id.*

On October 7, Plaintiff filed a 62-page memorandum in support of his amended complaint and 80 pages of exhibits in support of his claims. (Doc. 15.) However, despite the Court's prior orders, Plaintiff did not file a second amended complaint, and the deadline for doing so has now

passed. The Court has reviewed the memorandum in support and recognizes that it sets out many facts that support Plaintiff's claims, but—as previously explained to Plaintiff—a supporting memorandum, no matter how detailed, does not relieve Plaintiff of his Rule 8 obligation.

> Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'"

(Doc. 12, p. 3 (citations and footnote omitted).) "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case," nor is it the role of the Court to sort through a lengthy supporting memorandum to discover the facts alleged to support each claim. *See id.* at 4 (quoting *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished)).

The Court will grant Plaintiff one final opportunity to file a complete and proper second amended complaint that alleges adequate facts to comply with Rule 8. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without prejudice for failure to comply with a court order.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 19, 2024**, in which to file a complete and proper second amended complaint that complies with the Court's orders. If Plaintiff fails to do so, this matter will be dismissed without prejudice and without further prior notice to Plaintiff. The clerk is directed to provide Plaintiff the court-approved form for a second amended complaint.

**IT IS SO ORDERED.**

DATED:  This 22nd day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
