IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY L. ADKINS,**

                **Plaintiff,**

v.                                                                     CASE NO. 24-3120-JWL

**STATE OF KANSAS, ET AL.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action brought under 42 U.S.C. § 1983 by Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility in El Dorado, Kansas. It comes before the Court on Plaintiff's second amended complaint, filed on November 5, 2024. (Doc. 17.)

This matter began on July 12, 2024, with the filing of Plaintiff's initial complaint. (Doc. 1.) Because Plaintiff is a prisoner, the Court was required by statute to screen the complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The initial complaint was not on the court-approved form, as required by Local Rule 9.1(a), so the Court provided Plaintiff with the form and granted him time in which to resubmit his complaint. (Doc. 2.)

Plaintiff filed his complaint (Doc. 3) but before the Court concluded the initial screening, Plaintiff filed an amended complaint (Doc. 9). The Court conducted the required screening of the amended complaint and concluded that it was subject to dismissal because Plaintiff did not allege specific facts in support of his claims. (*See, e.g.*, Doc. 9, p. 7.) Rather, in the spaces on the required

1

form complaint for stating the specific facts to support each claim, Plaintiff wrote only that such facts would be provided in a memorandum filed at a later time. *Id.*

Thus, on September 16, 2024, the Court issued a memorandum and order (M&O) explaining that Plaintiff's failure to allege specific facts left the amended complaint subject to dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim on which relief can be granted. (Doc. 12, p. 2-4.) Rather than dismiss the matter, however, the Court granted Plaintiff time to file a complete and proper second amended complaint that alleged sufficient specific facts to support Plaintiff's claims. *Id.* at 4.

The M&O expressly cautioned Plaintiff:

> [T]the second amended complaint must—when read by itself—satisfy Rule 8 and sate a plausible claim for relief. To be clear, Plaintiff may not simply refer in the second amended complaint to a separate memorandum to set out the factual basis of his claims. He must include sufficient information in the second amended complaint to satisfy Rule 8 and state a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff may attach additional pages to the complaint as necessary, but he may not rely on a separate memorandum to provide the necessary facts and allegations.

*Id.* The deadline set by the Court for filing the second amended complaint was October 17, 2024. *Id.* at 6.

Shortly thereafter, Plaintiff filed a motion for a 60-day extension of time to file a memorandum in support of his amended complaint. (Doc. 13.) On September 18, 2024, the Court issued an M&O denying the motion and explaining that there was no deadline set by which Plaintiff needed to file a supporting memorandum, so there was no need to extend any such deadline. (Doc. 14, p. 1.) Moreover, this M&O emphasized to Plaintiff that "[a]t this point in this case, Plaintiff has not filed a complaint that states a plausible claim for relief under 42 U.S.C. § 1983" and it reminded Plaintiff that he must file a complete and proper second amended complaint that includes the required factual assertions. *Id.* Specifically, the second M&O stated: "The Court

2

does not require a memorandum in support and, although Plaintiff may file one if he wishes, he must first file a sufficient complaint." *Id.* at 2. The Court reminded Plaintiff that he "must assert sufficient facts to support a claim in the space provided in the form complaint" and that the deadline for filing a second amended complaint was October 17, 2024. *Id.*

On October 7, Plaintiff filed a 62-page memorandum in support of his amended complaint with 80 pages of supporting exhibits attached. (Doc. 15.) However, despite the Court's orders, the deadline for filing a second amended complaint passed without Plaintiff doing so. Accordingly, on October 22, 2024, the Court issued a third M&O. (Doc. 16.) After laying out the history of this matter, the Court recognized that the memorandum in support "sets out many facts that support Plaintiff's claims, but—as previously explained to Plaintiff—a supporting memorandum, no matter how detailed, does not relieve Plaintiff of his Rule 8 obligation." *Id.* at 3.

Again quoting Rule 8's requirement that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief," the Court emphasized that Rule 8's purpose is "'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Id.* The M&O further reminded Plaintiff:

> "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case," nor is it the role of the Court to sort through a lengthy supporting memorandum to discover the facts alleged to support each claim. *See* [Doc. 12, p.] 4 (quoting *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished)).

(Doc. 16, p. 3.)

The Court granted Plaintiff one final opportunity to file a complete and proper second amended complaint that alleges adequate facts to comply with Rule 8. *Id.* Plaintiff was expressly

3

cautioned, however, that if he "fails to do so in the allotted time, this matter will be dismissed without prejudice for failure to comply with a court order." *Id.* Plaintiff timely filed his second amended complaint (Doc. 17) and the Court has conducted the statutorily required initial review.

Despite the Court's repeated direction, Plaintiff's second amended complaint continues to direct the reader elsewhere for the information requested on the form complaint. For example, in the portion of the second amended complaint designated for setting out the facts that support Count I—which asserts "cruel and unusual punishment exhibited 'Deliberate Indifference' to [Plaintiff's] serious medical needs. (7 counts)."—Plaintiff simply writes: "see; (Attachments)." (Doc. 17, p. 8 (all errors in original).) He does the same for Count II, which asserts "Deliberate Indifference; negligent hiring, training, and supervision. (5 counts)." *Id.* For Count III, Plaintiff identifies neither the asserted constitutional violation nor the supporting facts; he has written "See; (Attachments)" in both spaces of the complaint form. *Id.* at 41.

In the middle of the second amended complaint, Plaintiff has inserted 32 pages of additional information, titled "C. Cause of Action." *Id.* at 9-40. The first inserted page contains additional information on Count III, which Plaintiff describes as: "Cruel and Unusual Punishment; exhibited 'Deliberate Indifference' to my right to be free from a known risk of serious physical harm, and/or, objectively unreasonable conduct that causes or has the potential to cause constitutional harm. (5 counts)." *Id.* at 9. The remainder of the inserted pages is a chronological narrative spanning from April 6, 2024 to September 5, 2024. *Id.* at 9-40. This section concludes with Plaintiff's request that the reader see the "memorandum[] regarding the grievances incorporated in this complaint/petition[] for more information." *Id.* at 40.

After carefully considering the second amended complaint, the Court concludes that it, like the amended complaint, fails to comply with Rule 8. Under Rule 8, "[i]t is sufficient, and indeed

all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *New Home Appliance Center, Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The Tenth Circuit has applied this rationale to prisoner civil rights litigation as well. *See Frazier v. Ortiz*, 2007 WL 10765, *2 (10th Cir. Jan. 3, 2007) (unpublished) (affirming dismissal of complaint that failed to comply with Rule 8 and included "minute" detail "unnecessary to give fair notice to the defendants").

In the second amended complaint now before this Court, Plaintiff has failed to provide the necessary information on the required, court-approved form, and his additional pages inserted into the form do not connect specific factual allegations with specific claims. In short, Plaintiff has failed to make "a short and plain statement" of Plaintiff's claims that would give the named Defendants fair notice of the basis of the claim against them. The lack of connection between the facts alleged in the second amended complaint and the claims asserted therein also prevents this Court from determining whether Plaintiff has stated a plausible claim for relief.  In other words, the second amended complaint, like the amended complaint, fails to comply with Rule 8.

As Plaintiff was previously advised, "[w]hen a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint." (Doc. 16, p. 4 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007), and *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished), and *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished)).) The Court has granted Plaintiff multiple chances to cure the deficiencies in his pleading that violate Rule 8, but Plaintiff has not done so. The Court thus declines to allow Plaintiff the opportunity to further amend his complaint and will dismiss this matter without prejudice for failure to comply with Rule 8. *See Jensen v. West Jordan*

*City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 12th day of November, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
